UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BROOK JOHNSON, CARISSA ROSARIO, EVA PEPAJ, JESSE GOLDEN, JESSICA ROCKWELL, JOHN COULTER, RHIAN SUGDEN, PAOLA CANAS, JESSICA BURCIAGA, AND IRINA VORONINA,<br><br>           Plaintiffs,<br><br>      v.<br><br>ADELPHIA DEPTFORD, INC.,<br><br>           Defendant and Third-Party Plaintiff,<br><br>      v.<br><br>ALLIED BEVERAGE GROUP, LLC, FEDWAY ASSOCIATES, INC., DINARDO BROTHERS ENTERTAINMENT, LLC, and FRANK L. SWIDER i/t/a NIGHTLIFEFRANK<br><br>Third Party Defendants. | Civ. No. 1:22-cv-01806-NLH-EAP<br><br>**OPINION** |

**APPEARANCES:**

WILLIAM J. PINILIS
PINILIS HALPERN
160 MORRIS STREET
MORRISTOWN, NJ 07962

    *Attorney for Plaintiffs*

1

```
JOSEPH P. GRIMES
JOSEPH P. GRIMES, ESQUIRE, LLC
810 ASBURY AVENUE
SUITE 212
OCEAN CITY, NJ 08226
```

*Attorney for Defendant Adelphia Deptford, Inc.*

```
STEVEN K. PARNESS
METHFESSEL & WERBEL
2025 LINCOLN HIGHWAY
SUITE 200
EDISON, NJ 08818
```

*Attorney for Third-Party Defendants Allied Beverage Group, LLC and Fenway Associates, Inc.*

```
FRANK L. SWIDER
1146 WASHINGTON AVENUE
LANSDALE, PA 19446
```

*Third-Party Defendant appearing pro se*

**HILLMAN, District Judge**

Before the Court is Defendant Adelphia Deptford, Inc.'s[1] Motion for Judgment on the Pleadings. (ECF 40). For the reasons expressed below, this motion will be granted in part and denied in part.

---

[1] This Court notes that in the Complaint this defendant is referred to as Adelphia Deptford, LLC and Adelphia Restaurant and Nightclub (ECF 1 at ¶¶ 11-12); however, in its Amended Answer Defendant advises that it is a corporation, Adelphia Deptford, Inc. and does business as Adelphia Restaurant (ECF 8 at ¶¶ 11-12).

2

I.   **BACKGROUND**

Plaintiffs Brook Johnson,[2] Carissa Rosario,[3] Eva Pepaj, Jesse Golden, Jessica Rockwell, John Coulter, Rhian Sugden, Paola Canas, Jessica Burciaga,[4] and Irina Voronina, along with a number of other plaintiffs who are not parties to this action, initially filed a complaint in the Newark vicinage on October 28, 2018 against Defendant Adelphia Deptford, Inc. as well a list of other unrelated defendant restaurants, bars, and clubs. Acosta v. Faraones Nightclub, No. 18-17710 ("Newark Action"). The plaintiffs each alleged that one or more of the specified defendants used their image or likeness in violation of federal and state laws.  (Newark Action, ECF 1).

A defendant in the Newark Action, Anthem Lounge, filed a motion to sever, in which Adelphia joined, asking the Court to

---

[2] It appears that plaintiff Brook Johnson was referred to as "Brooke Taylor" in the Newark Action discussed infra; however, upon comparison of the allegations it is apparent that this is the same individual.

[3] Plaintiff Carissa Rosario does not appear in the caption of the Newark Action complaint and is not listed as a plaintiff in the section setting out each party; however, the Newark Action complaint includes uses of her image in the factual allegations identical to those in the complaint before this Court.  As such, and because neither party raised this as a concern, we proceed in our analysis under the assumption that she was represented in the Newark Action by counsel along with her co-plaintiffs.

[4] It appears that plaintiff Jessica Burciaga was referred to as "Jennifer Burciaga" in the Newark Action; however, upon comparison of the allegations it is apparent that this is the same individual.

3

sever plaintiffs' claims as they did not arise out of the same transaction, occurrence, or series of transactions or occurrences.  (Newark Action, ECF 66, 70).  On October 18, 2019, United States Magistrate Judge Michael A. Hammer granted the motion to sever plaintiffs' claims.  (Newark Action, ECF 95).  In the corresponding opinion, the Court quoted *Malibu Media, LLC v. John Does 1-18 and AF Holdings* to explain that "simply committing the same type of violation in the same way does not link defendants together for the purposes of joinder."  (Newark Action, ECF 94 at 9).  Thus, Judge Hammer ordered that the motion was granted and ordered that

> the case shall proceed under the caption *Rosa Acosta v. Faraones Nightclub*, No. 18-17710, as to Plaintiff Rosa Acosta.  As to each of the other Plaintiffs, the case shall proceed as a separate action under a separate civil action upon payment by Plaintiff of the requisite filing fee within thirty days of this Order.

(Id.).

The plaintiffs appealed this decision, and on June 11, 2020 United States District Judge Madeline Cox Arleo affirmed Judge Hammer's Opinion and Order.  (Newark Action, ECF 108 at 4).  Judge Arleo's Order stated in pertinent part as follows:

> **IT IS** on this 11th day of June, 2020;
>
> **ORDERED** that Plaintiffs' Appeal, ECF No. 97, is **DENIED,** and Judge Hammer's Opinion and

4

> Order, ECF Nos. 94-95, are **AFFIRMED**; and it is further
>
> **ORDERED** that Plaintiffs' claims as to all Defendants are hereby severed; and it is further
>
> **ORDERED** that Plaintiff Rosa Acosta's case shall proceed under this civil action number; and it is further
>
> **ORDERED** that each remaining individual Plaintiff's claims shall proceed under a separate civil action number upon receipt of the requisite filing fee.

(Id.).

Almost two years later, on April 1, 2022, Brook Johnson, Carissa Rosario, Eva Pepaj, Jesse Golden, Jessica Rockwell, John Coulter, Rhian Sugden, Paola Canas, Jessica Burciaga, and Irina Voronina (collectively, "Plaintiffs") filed the instant action against Defendant Adelphia Deptford, Inc. ("Defendant" or "Adelphia"). (ECF 1).

Defendant initially filed an answer on May 31, 2022 (ECF 5), and filed an amended answer on June 16, 2022 (ECF 8). On June 24, 2022, Defendant also filed a third-party complaint against Allied Beverage Group, LLC, Fedway Associates, LLC, Dinardo Brothers Entertainment, LLC, and Frank L. Swider i/t/a Nightlifefrank (collectively, "Third-Party Defendants"). (ECF 10). On October 13, 2022, Defendant filed a Motion for Judgment on the Pleadings. (ECF 40). On October 17, 2022, Third-Party Defendant Fedway Associates, Inc. filed a letter joining

5

Adelphia's Motion. (ECF 41). On November 7, 2022, Plaintiffs filed a response. (ECF 43). Finally, on November 14, 2022, Defendant filed its reply. (ECF 44).

## II. **LEGAL STANDARD**

A motion for judgment on the pleadings is governed by Federal Rule of Civil Procedure 12(c). Fed. R. Civ. P. 12(c) states that "[a]fter the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings." In analyzing a Rule 12(c) motion, a court applies the same legal standards as applicable to a motion filed pursuant to Rule 12(b)(6). Turbe v. Gov't of V.I., 938 F.2d 427, 428 (3d Cir. 1991).

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005). It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his

6

'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (citations omitted).

To determine the sufficiency of a complaint, a court must take three steps: (1) the court must take note of the elements a plaintiff must plead to state a claim; (2) the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 664, 675, 679 (2009)) (alterations, quotations, and other citations omitted).

A district court, in weighing a motion to dismiss, asks "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim." Twombly, 550 U.S. at 563 n.8 (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Iqbal, 556 U.S. at 684 ("Our decision in Twombly expounded the pleading standard for 'all civil actions'"); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("Iqbal ... provides the final nail-in-the-coffin

7

for the 'no set of facts' standard that applied to federal complaints before Twombly."). "A motion to dismiss should be granted if the plaintiff is unable to plead 'enough facts to state a claim to relief that is plausible on its face.'" Malleus, 641 F.3d at 563 (quoting Twombly, 550 U.S. at 570).

A court in reviewing a Rule 12(b)(6) motion must only consider the facts alleged in the pleadings, the documents attached thereto as exhibits, and matters of judicial notice. S. Cross Overseas Agencies, Inc. v. Kwong Shipping Grp. Ltd., 181 F.3d 410, 426 (3d Cir. 1999). A court may consider, however, "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). If any other matters outside the pleadings are presented to the court, and the court does not exclude those matters, a Rule 12(b)(6) motion will be treated as a summary judgment motion pursuant to Rule 56. Fed. R. Civ. P. 12(b).

### III. DISCUSSION

#### A. Subject Matter Jurisdiction

This Court has jurisdiction over Plaintiffs' claims under 28 U.S.C. §§ 1331 and 1367.

#### B. Severance Order

8

Defendant argues that Plaintiffs are barred from filing pursuant to Judge Hammer and Judge Arleo's Orders in the Newark Action "because the Severance Order of Magistrate Judge Hammer, affirmed by District Judge Cox Arleo is clear that plaintiffs '*shall file*' their amended complaint '... *within* thirty days...'" (ECF 40 at 8 (emphasis in original)).  In support, Defendant explains that "New Jersey district judges have consistently held that when a dismissal order is entered directing that plaintiff '*shall*' refile an amended pleading within a specified time, the failure to do so time-bars a later filing."  (Id. at 7 (emphasis in original)).  None of the cases that Defendant cites in support of this proposition actually discuss the preclusive effect of a severance order or even a dismissal order.  Instead, each case provides an example of an order that explicitly stated that failure to file an amended pleading would result in dismissal with prejudice.  (See Id. at 7-8).

Plaintiffs first argue that "Judge Hammer's Order was not altogether precisely clear as to how the claims of the severed Plaintiffs were to proceed."  (ECF 43 at 8).  Plaintiffs speculate that Judge Hammer did not actually intend to impose a 30-day time limit.  (Id. ("Judge Hammer had to have intended that Plaintiffs would need to file many new complaints if they wanted to pursue their claims.  A 30-day time limit to

9

accomplish that would have unfairly hampered and hindered those Plaintiffs, and likely was not what Judge Hammer intended."). Moreover, Plaintiffs argue that "when Judge Arleo affirmed Judge Hammer's decision, Judge Arleo entered her own Order," which Plaintiffs argue supersedes Judge Hammer's Order and the time limitation therein. (Id. at 7-8). Plaintiffs assert that Judge Arleo did not include any time limitation for the filing of the severed claims in her order. (Id.).

Unlike the cases that Defendant cites, the severance order at issue did not explicitly advise of the consequences of Plaintiffs' failure to file within 30 days of the Court's order. Moreover, we note that while Judge Arleo's order affirmed the rationale of Judge Hammer's Opinion and the instruction in Judge Hammer's Order, she did not designate a time restriction for Plaintiffs to refile or otherwise expressly adopt the restriction specified by Judge Hammer. In light of this procedural history, this Court declines to dismiss Plaintiffs' claims for failing to file within 30 days of the severance order.

## C. Statute of Limitations

Defendant asserts that the statute of limitations of Plaintiffs' home jurisdictions should govern their claims, which includes California (two-year statute of limitations), the United Kingdom (three-year statute of limitations), and Florida

(four-year statute of limitations).  (ECF 40 at 13).  Defendant further argues that even if the Court were to apply New Jersey's six-year statute of limitations, only plaintiffs Sudgen, Rosario, and Burciaga alleged use of their images on dates within that period.  (Id. at 15–16).

Plaintiffs argue that the New Jersey Statute of limitations should apply.  They explain that "[i]n this case . . . everything happened in New Jersey."  (ECF 43 at 12).  Specifically, they state that "a New Jersey business advertised in New Jersey to New Jersey residents."  (Id.).  Plaintiffs also argue that "New Jersey's discovery rule . . . postpones the accrual of the cause of action until the victim discovers, or should have discovered, both the injury and the facts suggesting that a third party may be responsible.  (Id. at 14).  Plaintiffs aver that they "did not discover Defendant's theft of their images when the theft occurred," but rather discovered it at a later point.  (Id. at 15).

In determining whether an action should be dismissed for non-compliance with a statute of limitations, the Third Circuit has cautioned that "[if] the bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6)."  Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir.2002) (quotation omitted).  Where the statute of limitations bar is not apparent based solely on the

pleadings, the parties should proceed to discovery before the statute of limitations issue can be resolved. Bethel v. Jendoco Const. Corp., 570 F.2d 1168, 1174 (3d Cir. 1978); Hanna v. U. S. Veterans' Admin. Hosp., 514 F.2d 1092, 1095 (3d Cir. 1975).  A Court may require information beyond the pleadings where the statute of limitations implicates choice of law questions.  See Starbucks Corp. v. Wellshire Farms, Inc., No. 14-0041, 2014 WL 6611308, at *5 (D.N.J. Nov. 21, 2014).  A Court may also require information beyond the pleadings where there are factual and legal questions about when the statute of limitations began to accrue.  See Sweeney v. Alcon Lab'ys, Inc., No. 16-4860, 2018 WL 1320671, at *5 (D.N.J. Mar. 14, 2018) (declining to find a statute of limitations bar at the motion to dismiss phase where Plaintiff's "arguments involve factual issues that must be explored in discovery and, if anything, may be renewed based on a complete record at summary judgment").  Plaintiffs allege that the statute of limitations did not commence until Plaintiffs discovered the use of their image or likeness.  (ECF 43 at 15).  This argument presents factual and legal questions that cannot be addressed solely on the pleadings.

Because of the choice of law issues as well as the factual questions related to when the statute of limitations began to run, this Court finds that a more robust record is needed to

analyze whether Plaintiffs' claims are barred by the applicable statute of limitations.

### D. New Jersey Consumer Fraud Act Claim (Count V)

Defendant explains that Judge Arleo dismissed Plaintiffs' claims under the New Jersey Consumer Fraud Act in the Newark Action on November 27, 2019.  (ECF 40 at 8-9).  Defendant explains the Judge Arleo dismissed the Consumer Fraud Act claims "because plaintiffs lacked standing under the CFA since they were not consumers within the meaning of the CFA."  (Id.).  Defendant asserts that this "claim is therefore barred by the doctrine of issue preclusion."  (Id. at 9).  Plaintiffs did not respond to this argument.

Collateral estoppel, or issue preclusion, "refers to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided." Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 77 n. 1 (1984).  The purpose of precluding "parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." Montana v. United States, 440 U.S. 147, 153-54 (1979).  Under New Jersey law, in order for the doctrine of collateral estoppel

13

to apply to foreclose the re-litigation of an issue, the party asserting the bar must show that:

> (1) the issue to be precluded is identical to the issue decided in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the court in the prior proceeding issued a final judgment on the merits; (4) the determination of the issue was essential to the prior judgment; and (5) the party against whom the doctrine is asserted was a party to or in privity with a party to the earlier proceeding.

Olivieri v. Y.M.F. Carpet, Inc., 897 A.2d 1003, 1009 (N.J. 2006) (citation omitted).

We note that at the time the Court issued the Order that Defendant references here, Judge Hammer's severance order had been issued, but Judge Arleo had not yet affirmed that decision. However, more importantly, the Order explains that the issue was before the Court "on Defendant Anthem Lounge's ('Anthem' or 'Defendant') Motion to Dismiss . . . Plaintiffs Tiffany Toth Gray's, Rachel Koren's, Jessa Hinton's, and Jennifer Zharinova's ('Plaintiffs') Complaint."  (Newark Action, ECF 101 at 1). Thus, Defendant has not demonstrated that the parties against whom the preclusion doctrine is asserted, plaintiffs here, were a party to this portion of the proceeding nor did they have an opportunity to litigate it.

Although Defendant has referenced Judge Arleo's rationale for dismissing the Consumer Fraud Act claim based on a lack of

14

standing, Defendant did not present any explanation of plaintiff's lack of standing in the instant case. This Court will not infer Defendant's argument from filings and an Opinion to which it was not a party. Therefore, Defendant's argument that Plaintiffs do not have standing to raise a Consumer Fraud Act claim is denied without prejudice.

### E. Irina Voronina

Defendant argues that Plaintiff Voronina failed to state a claim upon which relief can be granted in that "[n]o allegations are contained in the complaint relating to this plaintiff against Adelphia." (ECF 40 at 9). Defendant further advises that in the Newark Action, Plaintiff Voronina raised allegations against Central Park NJ, not Adelphia. (Id.). Plaintiffs do not respond to this claim.

The complaint does include allegations specific to Voronina, including, for example, that Defendant used her image (ECF 1 at ¶ 133), that it was for the purpose of advertising or soliciting business (Id. at ¶ 134), that Defendant did not have her permission to use her image (Id. at ¶ 135), and that Voronina was not compensated (Id. at ¶ 136). However, the allegations we have just described are the same generic allegations included with respect to each plaintiff. Unlike all of the other plaintiffs in this action, the complaint does not point to a specific URL or post alleged to include her image.

15

Further, there is no description of any image of Voronina that Defendant allegedly used.  Because Plaintiffs have not pointed to an actual post or image, or description of an image of Voronina, Plaintiff Voronina's claims will be dismissed without prejudice.

**IV.    CONCLUSION**

For the reasons expressed above, Defendant's motion will be granted in part and denied in part.  Plaintiff Irina Voronina's claims will be dismissed without prejudice.  All other plaintiffs' claims will be permitted to proceed.

An appropriate order will be entered.


Date: June 2, 2023                          s/ Noel L. Hillman
At Camden, New Jersey                       NOEL L. HILLMAN, U.S.D.J.